(132 So. 891)
### COONS v. ISBELL.
6 Div. 804.

Supreme Court of Alabama.
March 12, 1931.

410

R. F. Peters, of Fayette, for appellant.

S. T. Wright, of Fayette, for appellee.

SAYRE, J.

Quo warranto to determine the right to office as mayor of the city of Fayette in Fayette county. There is no controversy concerning the facts. The question between the parties is one of law and depends upon the proper construction of the relevant statutes.

At an election held in September, 1928, appellant was elected to the office of mayor of Fayette. His term of office ran from the first Monday in October, 1928, to the first Monday in October, 1930. According to the federal census in 1930, Fayette had more than 2,000 inhabitants. September 15, 1930, at an election held in all respects according to law, appellee was elected mayor of the city for a term of two years beginning with the first Monday in October, 1930, and received a certificate of election. Appellant denies authority of law for the last election and contends that by the Acts of 1927, pp. 706, 707, his term of office as mayor was extended over an additional term of two years, or until the first Monday in October, 1932.

Section 1754 of the Code of 1923, in so far as pertinent to the issue here involved, provided:

"The regular municipal elections in cities and towns shall be held on the third Monday in September, 1908, and biennially thereafter.

Municipal officers elected at such elections shall assume the duties of their respective offices on the first Monday in October following such election, unless herein otherwise provided."

The foregoing section (§ 1) of the act of September 9, 1927, added the following proviso:

"Provided, however, that cities of 2000 population and over, according to the next preceding decennial federal census, shall elect their mayor, and councilmen, and other officers authorized by law to be elected, on the 3rd. Monday in September, 1928, and quadrennially, thereafter; such officers shall take their offices on the 1st Monday in October following their election."

The further provision of section 1 of the foregoing amendatory act sheds no light upon the question here involved.

Section 1760 of the Code, along with other provisions of no significance in connection with the question here and now under examination, and which for that reason need not be quoted, provided:

"In all cities and towns, at the general election to be held on the third Monday in September, 1908" (this date is repeated from the Act of August 25, 1909) "and biennially thereafter, there shall be elected a mayor," etc.

To this section there was added by the amendatory Act of September 9, 1927, the following proviso:

"Provided that in cities and towns of less than two thousand inhabitants, the mayor and councilmen and other officers of cities under the aldermanic form of government, shall be elected on the third Monday in September, 1928 and biennially thereafter."

If the sections of the Code heretofore quoted constituted the entire statutory law of the subject, it may be conceded that there would be appearance of reason for holding that no election should have been held in September, 1930, to fill the office of mayor of the city of Fayette, and that appellant, who had been elected in 1928 to fill the office of mayor of the town of Fayette for a term of two years, in the absence of a more reasonable solution of the problem presented, should be allowed to hold over from 1930 to 1932.

The election in controversy was, as we have heretofore stated, held in September, 1930. A bulletin had been issued by the department of the federal government having the matter in charge in April of that year showing that according to the census of that year Fayette had something more than 2,000 inhabitants.

But section 1743 of the Code of 1923 was not affected by the act of 1927 amending sections 1754, 1757, 1760, and 1894 of that Code.

The first-mentioned section remained intact. It provided:

"Municipal corporations now existing, or hereafter organized under this chapter, containing two thousand or more inhabitants, shall be called cities. All incorporated municipalities containing more than one hundred and less than two thousand inhabitants, shall be called towns. The last census, whether federal or taken as herein authorized, shall be taken in determining the population of a city or town. At the next election more than four months after the census shall have been taken and officially announced, if the municipality shows a population which authorizes a change in its government, under this chapter, the proper officers for such a city shall be elected and perform the duties herein prescribed."

The effect of the last-quoted section is that the result of the census determines whether a municipal corporation shall thereafter be classed as city or town, but does not, ex proprio vigore, effect that "change in its government" which the statute provides for. That change is left by the statute to be wrought "at the next election more than four months after the census shall have been taken and officially announced." So that the election held in September, 1930, was necessary to give effect to the change authorized by the census. Appellee holds in virtue of that election and was at the time of the institution of this proceeding and is now mayor of the city of Fayette. Whether by virtue of the provisions of the several sections of the Code to which we have referred appellee will hold for a term of two or four years is not material to the issue here presented. That question will be determined when presented. But this much we may now safely say, that appellant will not, under the facts now appearing, have any right to the office in question.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.